```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES                 :    CRIMINAL ACTION
                              :    No. 10-59-03
                              :
     v.                       :    CIVIL ACTION
                              :    No. 15-02159
MARCUS SPIVEY                 :
                              :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              April 25, 2016

Petitioner Marcus Spivey is a federal prisoner incarcerated at State Correctional Institute-Frackville ("SCI-Frackville") in Frackville, Pennsylvania. Petitioner filed a pro se petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, arguing that the sentencing court imposed an illegal mandatory sentence. For the reasons that follow, the Court will deny the § 2255 petition without an evidentiary hearing or certificate of appealability.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

After robbing a series of McDonald's restaurants in Philadelphia and Royersford, Pennsylvania, in June 2009, Petitioner was charged by superseding indictment on April 27, 2010, with one count of conspiracy to commit robbery which interferes with interstate commerce, in violation of 18 U.S.C.

1951(a) (Count One); four counts of robbery which interferes with interstate commerce, in violation of 18 U.S.C. § 1951(a) (Counts Two, Four, Six, and Eight); three counts of using or carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Counts Three, Five, and Seven); and aiding and abetting, in violation of 18 U.S.C. § 2, as to all counts. ECF No. 26. On November 3, 2010, Petitioner pled guilty to all but one Count[1] of the Superseding Indictment pursuant to a plea agreement. See ECF Nos. 90, 91 (filed under seal). Petitioner was sentenced to 300 months' imprisonment, 5 years' supervised release, a $700 special assessment, and $15,115.51 in restitution. ECF No. 202.

On April 22, 2015, Petitioner filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, alleging that he did not receive time credit from the date he was arrested by local authorities.[2] ECF No. 232. But

---

[1] The Court granted the Government's unopposed oral and written motion to dismiss Count Three of the Superseding Indictment. ECF No. 201.

[2] Petitioner was arrested on unrelated local charges on July 8, 2009. See ECF No. 244-1 (Crim. Docket CP-51-CR-0011037-2009). The docket for the local charges uses Petitioner's alias of "Mark Ali." See id.; Pet. 1 (name indicated as "Marcus Spivey A/K/A Mark Ali"). On May 3, 2010, he was transferred into federal custody pursuant to a writ of habeas corpus ad prosquendum. ECF Nos. 31, 33. He was then found guilty by a jury on the local charges on June 9, 2010, and he was sentenced on August 6, 2010. ECF No. 244-1. Petitioner pled guilty to his

2

Petitioner did not use the standard § 2255 form, so this Court ordered the Clerk's Office to furnish him with the proper form. ECF No. 234.

On May 8, 2015, Petitioner refiled his motion. ECF No. 235. He has not reasserted the same argument from his first petition. Instead, he alleges that "the sentencing court imposed an illegal mandatory sentence pursuant to Alleyne v. United States." Id. at 4. The Government responded on August 21, 2015. ECF No. 244. The petition is now ripe for disposition.

## II.  LEGAL STANDARD

A federal prisoner "claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. Such a prisoner may attack his sentence on any of the following grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; or (3) the sentence was in excess of the maximum authorized by law. Id. An evidentiary hearing on the merits of a prisoner's claims is necessary unless it is clear from the record, viewed in the light most favorable to the petitioner, that he is not entitled to relief. Id. § 2255(b). The court is to construe a prisoner's

---

federal charges on November 3, 2010, ECF No. 90, and this Court sentenced him on October 1, 2012, ECF Nos. 199, 202.

pro se pleading liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), but "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation," United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000).

**III. DISCUSSION**

    A.    <u>Enforcement of the Collateral Attack Waiver</u>

The habeas petition will be dismissed because Petitioner waived his right to collaterally attack his sentence. Waivers of the right to collateral review are enforceable "provided that they are entered into knowingly and voluntarily and their enforcement does not work a miscarriage of justice." United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008); see also United States v. Khattak, 273 F.3d 557, 563 (3d Cir. 2001).

During Petitioner's change of plea hearing, the following exchange occurred between Petitioner and the Court:

> THE COURT: Do you understand that by pleading guilty, you're giving up the right to appeal from any conviction after trial?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Do you understand that if you plead guilty, this will greatly limit your right to appeal and prevent you from using later proceedings like collateral attack and habeas corpus to challenge your conviction, your sentence, or for any other matter?
>
> THE DEFENDANT: Yes, Your Honor.

4

> THE COURT: Do you understand that by pleading guilty you're also greatly limiting your right to appeal your sentence and that the only appeal from your sentence would be under one of the following four circumstances.
>
> Number one, if the government appeals your sentence, then you can appeal. If your sentence exceeds the statutory maximum, then you may appeal. If the sentencing judge erroneously departed upward pursuant to the sentencing guidelines, you may appeal. Or, fourth, if the sentencing judge imposed an unreasonable sentence above the sentencing guideline range.
>
> THE DEFENDANT: Yes, I understand, Your Honor.

Change of Plea Hr'g Tr. 14:16-15:16, Nov. 3, 2010 (filed under seal).[3] The Court then concluded that Petitioner entered into the plea agreement knowingly, voluntarily, and intelligently. Id. at 32:24-33:13. Therefore, the waiver was valid, and Petitioner cannot now collaterally attack his sentence.

A court may nevertheless find an appellate waiver unenforceable if there is the "unusual circumstance" of "an error amounting to a miscarriage of justice" in the petitioner's sentence. Khattak, 273 F.3d at 562. To determine whether

---

[3] Although initially filed under seal, this transcript may be cited where relevant to Petitioner's § 2255 claim, which depends upon the change of plea hearing. See, e.g., United States v. Eleazer, No. 12-408-02, 2014 WL 1281137, at *10 (E.D. Pa. Mar. 28, 2014) (quoting DEA interviews filed under seal to assess a petitioner's § 2255 claim). Only those portions of the transcript necessary to assess Petitioner's claims are referenced.

enforcement would create a miscarriage of justice, a court considers the following:

> [t]he clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.

Id. at 563 (quoting United States v. Teeter, 257 F.3d 14, 26 (1st Cir. 2001)). The "miscarriage of justice" exception is to be applied "sparingly and without undue generosity." United States v. Wilson, 429 F.3d 455, 458 (3d Cir. 2005) (quoting Teeter, 257 F.3d at 26).

The Third Circuit has specifically recognized that enforcing a knowing and voluntary waiver would work a miscarriage of justice in a few limited circumstances, such as where "constitutionally deficient lawyering prevented [the defendant] from understanding his plea," United States v. Shedrick, 493 F.3d 292, 298 (3d Cir. 2007); where the defendant should have been permitted to withdraw his guilty plea, Wilson, 429 F.3d at 458; or where the waiver itself was the product of alleged ineffective assistance of counsel, Shedrick, 493 F.3d at 298-99.

Here, Petitioner has not argued that any of these limited circumstances apply to his case. Even construing his

6

petition liberally, Petitioner's alleged ground for relief invokes none of these circumstances. Therefore, because Petitioner knowingly and voluntarily waived his right to collaterally attack his sentence and no exception to the waiver's enforceability applies, the Court will deny the habeas petition.

B.  Alleyne is Not Retroactive

Even assuming, arguendo, that Petitioner's waiver is unenforceable, the habeas petition is meritless. In Petitioner's refiled § 2255 form, he states one ground for relief: "The Sentencing Court imposed an illegal mandatory sentence pursuant to Alleyne v. United States." Pet. 4.

In Alleyne v. United States, 133 S. Ct. 2151 (2013), the Supreme Court held that any fact that increases a criminal defendant's mandatory minimum sentence is an "element" of the crime, rather than a "sentencing factor," and thus must be submitted to a jury. Id. at 2162-63. Thereafter, the Third Circuit held that Alleyne is not retroactively applicable to cases on collateral review. United States v. Reyes, 755 F.3d 210, 212 (3d Cir. 2014); United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014).

Here, Petitioner pled guilty in 2010 and was sentenced in 2012. Alleyne was decided in 2013. Therefore, because it does

not apply retroactively, Petitioner cannot be afforded relief pursuant to Alleyne.

    C.    Time Credit

In his initial § 2255 form, Petitioner alleged that "he has not received the proper time credit from the date of his arrest (May 3, 2010) through the present date," and "the failure to award this time credit has resulted in the Petitioner serving an illegal sentence that exceeds the one imposed by this Court." ECF No. 232, at 2.

Although Petitioner did not restate this claim in his revised § 2255 form, see ECF No. 235, the Court will briefly address the argument to afford Petitioner "full consideration of all of the grounds for relief that he has asserted pursuant to § 2255." See United States v. Kale, Nos. 09-264-03, 12-6669, 2013 WL 2475564, at *2 n.1 (E.D. Pa. June 7, 2013). But the argument's merits cannot be reached, because the Court does not have jurisdiction to hear Petitioner's time credit argument under 28 U.S.C. § 2255.

Instead, "the proper vehicle for challenging the determination of sentence credit is a § 2241 habeas petition filed in the district court where he is imprisoned." Williams v. United States, 238 F. App'x 867, 868 (3d Cir. 2007) (nonprecedential) (citing Rios v. Wiley, 201 F.3d 257, 270-71

(3d Cir. 2000), and 28 U.S.C. § 2241); see also Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) (explaining that § 2241 "is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence").

Here, Petitioner is housed in Frackville, Pennsylvania, which is located in the Middle District of Pennsylvania. Because he is not imprisoned in the Eastern District, this Court cannot consider Petitioner's time credit argument.

## IV. CERTIFICATE OF APPEALABILITY

When a court issues a final order denying a § 2255 motion, it must also decide whether to issue a certificate of appealability. Such a certificate "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Pabon v. Mahanoy, 654 F.3d 385, 393 (3d Cir. 2011) (quoting Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)). Here,

Petitioner has not shown a violation of a constitutional right, so the Court will not issue a certificate of appealability.

**V.    CONCLUSION**

For these reasons, the Court will deny the § 2255 Petition without an evidentiary hearing or a certificate of appealability. An appropriate order follows.